**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 05-cv-296-LTB-PAC

ELIZABETH VALENCIA,

      Plaintiff,

v.

The GEO GROUP, INC., a Florida corporation, f/k/a Wackenhut Corrections Corporation,

      Defendant.

_____

**Order**
_____

      Defendant the GEO Group, Inc. ("GEO") seeks summary judgment on the remaining claims of plaintiff Elizabeth Valencia ("Valencia") for harassment and failure to promote under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq.* GEO moves to amend the judgment under Fed. R. Civ. P. 59(e), and moves for summary judgment under Fed. R. Civ. P. 56. For the reasons stated below, GEO's Rule 59(e) motion is DENIED and GEO's Rule 56 motion is held in abeyance.

### I. BACKGROUND

      Valencia filed a complaint against GEO February 16, 2005 making claims for sexual harassment, age discrimination, retaliation, wrongful termination, negligent infliction of emotional distress and intentional infliction of emotional distress. Valencia dropped the claim of sexual harassment, and I dismissed the charges of negligent infliction of emotional distress and intentional infliction of emotional distress on December 13, 2005.

      GEO filed a motion under Rule 56 on June 16, 2006, seeking summary judgment on the

three remaining claims. I granted GEO summary judgment on Valencia's claims for termination in violation of the ADEA, for retaliation in violation of the ADEA, and for wrongful termination. However, I denied without prejudice GEO summary judgment on Valencia's claims for harassment and failure to promote under the ADEA, because GEO's motion did not address these aspects of Valencia's claims.

On September 14, 2006 GEO filed the present motion to amend the judgment or, alternatively, as a renewed motion for summary judgment with respect to the claims for failure to promote and harassment under the ADEA. Valencia has not responded to this motion.

## II.  DISCUSSION

GEO files this motion under Rule 59(e) and Rule 56.  The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1523 (10th Cir. 1992). Such a motion may be granted when there is an intervening change in controlling law, when new evidence becomes available, or there is a need to correct clear error or prevent manifest injustice.  *Mantle Ranches Inc., v. U.S. Park Service,* 950 F. Supp. 299, 300 (D. Colo. 1997).  A Rule 59(e) motion is appropriate where "the court has patently misunderstood a party, has made a decision outside the adversarial issues presented, has made a mistake not of reasoning but of apprehension or there has been a significant change or development in the law or facts since submission of the issues to the court." *Gregg v. American Quasar Petroleum Inc.,* 840 F. Supp. 1394, 1401 (D. Colo. 1991). "A motion for reconsideration is not a license for a losing party's attorney to get a second bite at the apple and make legal arguments that could have been raised before." *Mantle Ranches,* 950 F. Supp. at 300.

GEO makes two arguments in support of this motion: that it did address these issues in its motion for summary judgment and that Valencia had dropped these claims at the time the motion was filed. It is not clear that either of these arguments are appropriate in a Rule 59(e) motion, but for the purposes of this Order I will address them.

GEO states that its earlier brief in support of summary judgment did address Valencia's claims for harassment and failure to promote, but did so in other contexts. I am not convinced. The pages of the summary judgment motion GEO cites do not support this argument. Pages 11-13 of its motion for summary judgment address some of the same events that are the basis for the harassment claim, but does so in the context of asserting that GEO had a legitimate non-discriminatory reason to terminate Valencia. Pages 17-18 address whether GEO's alleged acts of harassment were actionable as retaliation. I conclude, as I did in my Order of September 7, 2006, that Valencia did not address these issues in its June 16, 2006 Motion for Summary Judgment.

GEO also argues that it believed that Valencia had dropped these claims, based on Valencia deposition testimony. However, the February 6, 2006 Scheduling Order in this case (Docket 16) and GEO's own proposed pre-trial Order of August 24, 2006 (Docket 34) both state explicitly that Valencia continues to claim age discrimination on a failure to promote theory, and that she continues to allege that she was the victim of a "persistent pattern of severe and pervasive harassment." While GEO is free to use Valencia's statements as evidence of the weakness of her claims, it may not presume based on deposition testimony that Valencia has dropped her claims. As GEO offers no other basis for its Rule 59(e) motion, this motion is denied.

GEO also moves for summary judgment. GEO does not address the fact that the deadline for dispositive motions passed June 30, 2006, as set in the February 6, 2006 Scheduling Order. To consider this motion now would, in effect, reopen the time period for such motions without notice to the plaintiff. Accordingly, in order to consider GEO's motion, I construe this motion as a motion to reopen the time period for filing dispositive motions. The deadline for dispositive motions is now extended until January 31, 2007. I will consider this motion, or any other dispositive motion, after this date. I note that Valencia did not respond to this motion, despite requesting and receiving an extension. The extension I order today will provide Valencia with yet another opportunity to respond to this motion, or to file new motions. I also note that this case is currently set for a final trial preparation conference January 9, 2007, and is set for a four day jury trial to commence February 5, 2007. These settings are necessarily vacated.

It is so Ordered that:

1) GEO's motion to amend the judgment under Fed. R. Civ. P. 59(e) is DENIED;

2) GEO's motion for summary judgment is HELD IN ABEYANCE; and

3) The deadline for dispositive motions is reopened until January 31, 2007, and

4) The final trial preparation conference set for January 9, 2007 is VACATED, and

5) The four day jury trial set for February 5, 2007 is VACATED.

DONE and ORDERED, this ___19th___ day of December, 2006 at Denver, Colorado.

                                                                         s/Lewis T. Babcock
                                                   United States District Chief Judge