**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Action No. 05-cv-296-LTB-PAC

ELIZABETH VALENCIA,

     Plaintiff,

v.

The GEO GROUP, INC., a Florida corporation, f/k/a Wackenhut Corrections Corporation,

     Defendant.

_____

**Order**
_____

Defendant the GEO Group, Inc. ("GEO") seeks summary judgment on the remaining claims of plaintiff Elizabeth Valencia ("Valencia") for harassment and failure to promote under the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 621 *et seq.* For the reasons stated below, GEO's motion is GRANTED.

## I.  BACKGROUND

Valencia filed a complaint against GEO on February 16, 2005 making claims for sexual harassment, age discrimination, retaliation, wrongful termination, negligent infliction of emotional distress and intentional infliction of emotional distress. Valencia's only remaining claims against GEO are for harassment and failure to promote under the ADEA. On September 14, 2006 GEO filed a renewed motion for summary judgment on these claims. Because this motion was filed outside of the deadline for dispositive motions, I granted the parties until January 31, 2007 to file additional motions, allowing Valencia additional time to respond to this motion. Valencia did not respond, and neither party filed additional motions.

The factual background in this case is described at length in the September 7, 2006 Order on GEO's first motion for summary judgment (Docket # 36) and I will review this background only briefly here. GEO operates a detention facility in Aurora, Colorado under contract with the United States Immigration and Customs Enforcement ("ICE") to detain illegal aliens awaiting administrative hearings. Valencia is an Hispanic-American female who worked as a kitchen supervisor at this facility from September 1998 until GEO fired her on August 15, 2004. Her date of birth is July 5, 1958.

GEO recounts a lengthy history of conduct and performance issues with Valencia, ultimately leading to her termination. These include oral counseling for bringing contraband food into the facility and for being tardy to work on numerous occasions, suspending Valencia for allowing detainees to cook and eat unapproved food, and verbal counseling by Valencia's supervisor, Kim Washington, for raising her voice to Washington and "becoming borderline insubordinate." The immediate events leading to Valencia's termination concern an investigation into some missing "Trustee" t-shirts in May of 2003. GEO concluded that Valencia issued t-shirts in violation of GEO policies, lied and behaved insubordinately during the investigation, inappropriately gathered letters from detainees on her behalf, and took leave without appropriate approval.  Valencia was placed on administrative leave July 10, 2003 and was fired effective August 15, 2003.

Valencia denies or rebuts all of these allegations, and recounts her own history of a stormy relationship with Washington, alleging that Washington treated her disrespectfully, "yelling" at her and "picking" at her. On June 17, 2003 Valencia filed a complaint against Washington for opening mail addressed to her marked confidential. Washington claimed this was a mistake, and GEO,

2

after an investigation, accepted this explanation. Valencia on August 14, 2003 wrote to Michael Kraus, GEO's Group Director of Compliance and Staffing, complaining about the mail opening and describing other "wrongdoings" at the facility, including serving inadequate food portions to inmates. Additionally, on two occasions, in September of 2002 and April of 2003, Valencia applied for positions as a detention officer. GEO denied her first application, and fired her before acting on her second application.

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). I shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once a properly supported summary judgment motion is made, the opposing party must provide specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex v. Catrett,* 477 U.S. 317, 323 (1986). The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250 (1986). Where the non-moving party has the burden of persuasion at trial, the moving party can discharge its burden by showing that "there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325.

In this case, Valencia has not responded to GEO's summary judgment motion. When the

non-moving party fails to respond to a motion for summary judgment, the moving party is not automatically entitled to summary judgment. *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). The District Court must first review the movant's evidence "to determine if it has met its initial burden to show that no material issues of fact remain for trial." *Id.* By failing to file a timely response, the non-moving party waives the right to respond or to rebut the facts offered and properly supported by the movant. *Id.* But I grant summary judgment only if those facts entitle the movant to judgment as a matter of law. *Id.*

### III.  DISCUSSION

GEO seeks summary judgment on Valencia's claims that GEO violated the ADEA by failing to promote her to a position of security guard and by harassing her because of her age.

A.    Failure to Promote Under the ADEA

GEO seeks summary judgment on Valencia's failure to promote claim on two distinct grounds.  First, GEO contends that one of Valencia's claims is jurisdictionally barred because she did not file her claim within the appropriate time limit. Claims under the ADEA are time-barred if they are not filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. *Haynes v. Level 3 Communications, LLC,* 456 F.3d 1215, 1222 (10th Cir. 2006).  Here, Valencia's EEOC complaint, filed February 13, 2004, states that she was denied promotion due to her age in September of 2002 and April of 2003. The 300 day time limit means that only discriminatory acts that occurred after April 19, 2003 are actionable, precluding Valencia's alleged non-promotion of September 2002. However, the documents provided by GEO show that while Valencia applied for a position as a security officer in April 2003, as late as June 9, 2003 her application had not yet been acted on by GEO. This second

alleged instance of non-promotion is therefore within the filing timeline of the ADEA.

GEO further contends that Valencia has failed to meet her burden of proof under the ADEA. A *prima facie* case of discrimination under the ADEA requires a plaintiff to show "(1) she was a member of a protected class; (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled by someone outside of the protected class." *Mackenzie v. City & County of Denver,* 414 F.3d 1266, 1277 (10th Cir. 2005). Once a plaintiff makes out a *prima facie* case, the burden shifts to the defendant to provide a legitimate non-discriminatory reason for its failure to promote. *Id.* If a defendant meets this burden, a plaintiff must show that the defendant's proffered reason is pretext for discrimination. *Id.*

Within this framework, GEO offers several reasons why Valencia's case fails. First, GEO contends that Valencia was not qualified for the position. The security position for which Valencia applied required, among other things, one year of law enforcement experience or six months of security experience, and "successful completion of training" in security techniques and procedures. Valencia asserts that GEO officials told her at the time that her six months of work as a kitchen supervisor at GEO constituted the necessary security experience. However, Valencia concedes that she did not have the requisite training in security techniques. On this basis alone, Valencia has failed to show she was qualified, and so fails to make out a *prima facie* case.

Additionally, the record shows that GEO fired Valencia before acting on her request for the security position. Valencia was therefore not rejected for the position, so she has failed to meet this prong of the *prima facie* case. Finally, Valencia has provided no evidence other than her own speculation that the position was filled by someone younger than herself. For all of these

reasons, Valencia's claim for failure to promote under the ADEA fails.

B.  Harassment under the ADEA

To survive a motion for summary judgment, a plaintiff making a claim for harassment under the ADEA must "show under the totality of the circumstances that the harassment was pervasive or severe enough to alter the terms, conditions or privileges of employment." *Holmes v. Regents of University of Colorado,* No. 98-1172, 1999 WL 285826 at *7 (10th Cir. May 7, 1999) (*citing Bolden v. PRC Inc.*, 43 F.3d 545 550-551 (10th Cir. 1994)) The harassment must also stem from "age-related animus." *Id.*  Factors relevant to determining if a work environment is hostile include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Davis v. U.S. Postal Service,* 142 F.3d 1334, 1341 (10th Cir. 1998). A plaintiff must also show that "the environment was both objectively and subjectively hostile or abusive." *Id.*

Valencia here has alleged the following evidence of an abusive work environment: that she was falsely accused of issuing t-shirts to detainees, allowing detainees to cook prohibited food items in the kitchen, delivering contraband to detainees, acting insubordinately to her supervisor and asking detainees to write letters on her behalf; that her supervisor on one occasion opened mail addressed to her marked confidential, that her supervisor arranged her work times in an inconvenient schedule, that her supervisor "picked at" her, yelled at her, treated her disrespectfully, "harassed" her, and often and unnecessarily "called (Valencia) into her office."

These incidents, while suggesting unpleasant workplace relations, do not rise to the kind of "pervasive or severe" conditions necessary to show harassment. Valencia may have had a

difficult relationship with Washington, but this is not a workplace "permeated with discriminatory intimidation, ridicule and insult." *Davis,* 142 F.3d at 1341. Additionally, Valencia has provided no evidence that the numerous allegations against her of improper conduct, or her conflicts with Washington, were in any way based on her age.  Valencia herself stated that she did not know if Washington's behavior towards her was due to her age.

In sum, Valencia's allegations are not severe enough to constitute harassment, and she offers no evidence that these incidents were due to her age. Her claim for harassment fails.

It is so Ordered that GEO's motion for summary judgment on Valencia's claims for harassment and failure to promote under the ADEA (Docket # 37) is GRANTED, and this action is DISMISSED with costs awarded to defendant.

DONE and ORDERED, this   23rd   day of February, 2007 at Denver, Colorado.

                                                       s/Lewis T. Babcock
                                                   United States District Chief Judge